**ROYALTON STATE BANK, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. 5–88 CIV 223.**

United States District Court,
D. Minnesota,
Fifth Division.

Aug. 21, 1989.

Jeffrey G. Stephenson and John Paul Martin, Petersen, Tews & Squires, P.A., St. Paul, for plaintiff.

Jerome G. Arnold, U.S. Atty. by Thomas D. Sykes, Trial Atty., Tax Div., Washington, D.C., for defendant.

ORDER

ALSOP, District Judge.

The above entitled matter comes before the court on defendant's objections to the report and recommendation of Magistrate Patrick J. McNulty dated May 15, 1989. The crux of the defendant's objections is that the government cannot be estopped from relying on the act, event, or occurrence which ordinarily sets and starts the statute of limitations time clock running. No objections have been filed by the plaintiff, concerning Magistrate McNulty's recommending dismissal with prejudice of Counts I, II and III. The magistrate's report and recommendation as to Counts I, II and III will be adopted without further discussion.

The magistrate's report and recommendation is subject to *de novo* review by the court. 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b); Local Rule 14(c)(2). Based on its *de novo* review, the court adopts and fully incorporates herein by reference the facts and procedural history set forth in the magistrate's report and recommendation. The facts, while complex, are not entirely critical to the disposition of the current matter. The only necessary facts are that notices of levy were served by the Internal

Revenue Service ("IRS") on the plaintiff from December, 1986, through April, 1987. A number of events took place and in March, 1988, the plaintiff asserted its interest and requested the IRS to return the property that had been seized. Based on the positions of the parties as argued before the magistrate, both the plaintiff and defendant agree that unless the statute of limitations is "tolled," the remainder of the plaintiff's complaint must be dismissed.

In analyzing Counts IV and V, the magistrate focused on the event which started the statute of limitations clock running. While the court cannot toll the running of the statutory period once it had commenced,[1] the magistrate held it can delay the time at which the statutory time period begins to run. Thus, the magistrate reasoned, when a party is misled or deceived by government agents and officials and such deception results in inaction, the time clock should not start running until the deception was or should have been discovered.

The defendant argues that this is a distinction without a difference. Further, the defendant maintains that the court should not be able to alter a definitive event that Congress has set forth as beginning the statute of limitations clock ticking.

The court has reviewed the file, studied the briefs submitted by counsel to both the magistrate and this court, and analyzed the report and recommendation of the magistrate. The court is persuaded by the arguments set forth by the defendant. If the court were to adopt the theory of affirmative misconduct in this case, the court would be "rewriting" the plain and unambiguous language of § 6532(c)(1). The date of the levy, which Congress has set forth as beginning the time clock running, is subject to an empirical determination. Changing this definitive event would interfere with the legislative scheme as clearly set forth by Congress.

The magistrate explains equity dictates that the statute of limitations should not begin until the deception was or should have been discovered. However, in this case the plaintiff cannot rely on equity alone. No cases have been found, nor do the statutes in issue support or provide for a holding that would allow the court to alter the event upon which the statute of limitations begins to run. Title 26 U.S.C. § 6532(c)(1) plainly states that the statute of limitation period begins to run "from the date of the levy." The court is compelled to follow Congressional mandate.

The theory of affirmative misconduct to estop the government is not new, but it has not been effective in courts where it has been presented. *See Wellington v. INS,* 710 F.2d 1357, 1360 (8th Cir.1983); *Leimbach v. Califano,* 596 F.2d 300 (8th Cir. 1979). The cases cited by the magistrate and used by him as support are not similar enough to warrant analogy to the case at bar.

The court, on its *de novo* review, will reject the report and recommendation of the magistrate and grant the defendant's motion to dismiss. The court is mindful of the thoughtful analysis set forth by the magistrate and is conscious of the conduct of the government in relaying information and advice to the plaintiff. However, the plaintiff is and was required to file its claim within nine months of the date the government issued its levy by statute. Failure to do so, as is the case here, warrants dismissal for lack of jurisdiction.

Accordingly, based upon the foregoing,

IT IS ORDERED That:

1. Defendant's motion to dismiss is GRANTED.

2. The Clerk of Court shall forthwith enter judgment as follows:

   IT IS ORDERED, ADJUDGED AND DECREED That plaintiff Royalton State Bank have and recover nothing from defendant United States of Amer-

---

**1.** In this case, subject matter jurisdiction is dependent on the commencement of the action within the statute of limitations time period, which is nine months. *See* 26 U.S.C. § 7426. If the matter is not brought within the nine-month time line, there is no subject matter jurisdiction. *See* 26 U.S.C. § 6532(c). *See, e.g., Lehman v. Nakshian,* 453 U.S. 156, 160–61, 101 S.Ct. 2698, 2701–02, 69 L.Ed.2d 548 (1981).

ica, and the complaint be, and the same hereby is, dismissed with prejudice.